UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| MARK D. HILL, | ) | |
| | ) | Case No. 4:05-cr-29-TRM-SKL-1 |
| *Petitioner*, | ) | 4:16-cv-75-TRM |
| | ) | |
| v. | ) | Judge Travis R. McDonough |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Magistrate Judge Susan K. Lee |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence

pursuant to 28 U.S.C. § 2255. (Doc. 41.) Petitioner bases his request for relief on the United

States Supreme Court case *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Court

held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was

unconstitutionally vague. (*Id.*) The United States filed a response in opposition to relief on

August 18, 2016 (Doc. 43); Petitioner replied in turn (Doc. 46). For the reasons that follow,

Petitioner's § 2255 motion (Doc. 41) will be **DENIED** and **DISMISSED WITH PREJUDICE**.

I.      BACKGROUND

In 2006, Petitioner pled guilty to possessing a firearm as a felon, in violation of 18 U.S.C.

§ 922(g)(1). (Presentence Investigation Report (PSR) ¶¶ 1–6.) Based on two prior Tennessee

convictions for pre-1989 third-degree burglary (*Id.* at ¶¶ 33–35), one prior Tennessee conviction

for pre-1989 armed robbery (*Id.* at ¶ 36), and one Tennessee conviction for post-1989 Class D

burglary (*Id.* at ¶ 38), the United States Probation Office deemed Petitioner to be an armed career

criminal subject to the ACCA's fifteen-year mandatory minimum. In accordance with that designation, this Court sentenced Petitioner to 292 months imprisonment. (Doc. 32.)

Petitioner appealed, but the Sixth Circuit affirmed his conviction and sentence on October 19, 2017. (Doc. 37.) Petitioner did not seek a writ of certiorari from the Supreme Court and, as a result, his conviction became final for purposes of § 2255(f)(1) on January 17, 2008. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (explaining that a conviction affirmed on appeal becomes final when the ninety-day period for seeking a writ of certiorari expires).

Over eight-and-a-half years later—on June 24, 2016—Petitioner filed the instant timely petition challenging the propriety of his ACCA designation in light of *Johnson*. (Doc. 41 (arguing that, post-*Johnson*, he does not have sufficient predicate offenses for ACCA categorization).)

## II.     STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III.    ANALYSIS

The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1) (emphasis added). The provision defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). Only the third portion of the above definition—the residual clause—was held to be unconstitutionally vague by the Supreme Court in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did not call into question the remainder of the ACCA's definition of violent felony—the use-of-physical-force and enumerated-offense clauses. *Id.*; *United States v. Priddy*, 808 F.3d 676, 682–83 (6th Cir. 2015).

Two of the four offenses used to support Petitioner's armed career criminal enhancement were for Tennessee third-degree burglary. At the time that the offenses were committed, Tennessee defined third-degree burglary as "breaking and entering into a business house, outhouse, or any other house of another, other than a dwelling house, with the intent to commit a felony,"[1] Tenn. Code Ann. § 39-3-404(a) (1982), and, in a separate subsection, provided

---

[1] Tennessee revised its burglary statutes on November 1, 1989, as part of the State's comprehensive criminal code revision. *See, e.g.*, *State v. Langford*, 994 S.W. 2d 126, 127–28 (Tenn. 1999). The pre-1989 version of the Tennessee Code criminalized six types of burglary offenses: (1) first-degree burglary, Tenn. Code Ann. § 39-3-401 (1982); (2) breaking after entry, Tenn. Code Ann. § 39-3-402 (1982); (3) second-degree burglary, Tenn. Code Ann. § 39-3-403 (1982); (4) third-degree burglary, Tenn. Code Ann. § 39-3-404(a)(1) (1982); (5) safecracking,

enhanced penalties for "any person who, with intent to commit a crime, breaks and enters, either

by day or by night, any building whether inhabited or not, and opens or attempts to open any

vault, safe, or other secure place by any means," Tenn. Code Ann. 39-3-404(b) (1982); *see also*

*Church v. State*, 333 S.W.2d 799, 806 (Tenn. 1960) (quoting the relevant provisions).

To determine whether Petitioner's offenses were properly categorized as predicate violent

felonies under § 924(e), the Court needs to identify the precise crimes of conviction. *Descamps*,

133 S. Ct. at 2285.[2] To do so, the Court must employ a "categorical approach," under which it

looks "only to the statutory definitions—elements—of a defendant's prior offense, and not to the

particular facts underlying [each individual] conviction[]." *Id.* at 2283 (internal quotations

omitted). If violation of the statute invariably involves the use, attempted use, or threatened use

of violent force or falls within the generic definitions of burglary, arson, or extortion, then the

conviction categorically qualifies as a violent felony and the court's task is complete. It is only

when the statute criminalizes conduct in excess of that covered by the use-of-physical-force and

enumerated-offense clauses, that the Court must determine whether the statute is divisible or

---

Tenn. Code Ann. § 39-3-404(b)(1) (1982); and (6) breaking into vehicles, Tenn. Code Ann. § 39-3-406 (1982). Tennessee law now prohibits only three types of burglary: (1) burglary, Tenn. Code Ann. § 39-14-402 (2016); (2) aggravated burglary, Tenn. Code Ann. § 39-14-403 (2016); and (3) especially aggravated burglary, Tenn. Code Ann. § 39-14-404 (2016).

[2] The Supreme Court clarified in *Descamps* how sentencing courts should identify a defendant's offense when the prior conviction involved the violation of a "divisible" statute—one which "comprises multiple, alternative versions of the same crime." 133 S. Ct. at 2284. Specifically, the Court explained that the sentencing court should employ a "modified categorical approach" and "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id.* at 2281. The decision made clear that "the job . . . of the modified approach [was only] to identify, from among several alternatives, the crime of conviction so that the court can" determine whether that variant of the offense qualified as a violent felony under the ACCA's definition of violent felony. *Id.* at 2285.

indivisible. A divisible statute is one that comprises multiple crimes, alternative sets of elements. *Id.* at 2281. An indivisible statute is one that contains a single crime, lone set of indivisible elements. *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). When faced with a divisible statute, the Court resorts to the "modified categorical approach," i.e., consults "a limited class of documents, such as indictments and jury instructions, to determine which alternative [set of elements] formed the basis of the defendant's prior conviction." *Id.* at 2281. Because the categorical and modified approaches are concerned with elements alone and not the "facts underlying [any particular] conviction," *Id.* at 2285, the Court is prohibited from using either approach to distinguish between alternative means for satisfying a single indivisible element. *Mathis*, 136 S. Ct. at 2253–54. Thus, it is important to distinguish between divisible provisions to which the modified approach can be applied and indivisible provisions to which it cannot.

To determine whether locations listed in a statute constitute alternative elements or alternative means of satisfying a single indivisible crime, courts must consider: (1) the text of the statute; (2) any state court decisions interpreting that statute; and (3) where "state law fails to provide clear answers, . . . the record of a prior conviction," i.e., charging documents and jury instructions, for the "limited purpose" of distinguishing between means and elements. *Id.* at 2256–57. With regard to the third factor, the Supreme Court has provided the following:

> Suppose, for example, that one count of an indictment and correlative jury instructions . . . use a single umbrella term like "premises" . . . the record would then reveal what the prosecutor has to (and does not have to) demonstrate to prevail. Conversely, an indictment and jury instructions could indicate, by referencing one alternative term to the exclusion of all others, that the statue contains a list of elements, each one of which goes toward a separate crime.

*Id.* at 2257. Applying this analysis to Tennessee's pre-1989 third-degree burglary statute leads the Court to conclude that Tennessee Code Annotated § 39-3-404 (1982) is overly broad, i.e.,

5

criminalizes more conduct "than [is covered by] the generic definition in *Taylor v. United Sates*."

*See* 495 U.S. 575, 599 (1990) (explaining that the only form of burglary covered by the ACCA

enumerated offense clause is "generic burglary" and defining that offense as any conviction,

"regardless of its exact definition or label, having the basic elements of unlawful or unprivileged

entry into, or remaining in, a building or structure, with intent to commit a crime"); *see also*

*United States v. Bureau*, 52 F.3d 584, 593 n.6 (6th Cir. 1995); *see also United States v.*

*Caruthers*, 458 F.3d 459, 476 (6th Cir. 2006) (noting that the pre-1989 third-degree burglary

statute criminalized unlawful entry into coin receptacles and the like).  Further, because

subdivisions (a) and (b) constitute unrelated methods of committing the offense, the Court finds

that Tennessee Code Annotated §§ 39-3-404 (1982) encompasses alternative sets of elements,

i.e., is a divisible provision.  *See Englett v. State*, No. 01-C-019103CC00086, 1991 WL 255894,

at *2 (Tenn. Crim. App. Dec. 5, 1991) (describing third-degree burglary and safecracking as two

separate offenses).  Because the provision is divisible, the modified approach can be used to

determine whether Petitioner's variants of third-degree burglary qualify as violent felonies.

Review of Petitioner's PSR conclusively demonstrates that both of his third-degree

burglary convictions involved breaking and entering into residences or business, not "vault[s],

safe[s], or other secure place[s]" (PSR at ¶¶ 33 (noting the first 1983 conviction stemmed from

burglary of a "Beer Barn" commercial property and involved the theft of cash from a "poker

machine"), 22 (noting the 1984 conviction involved burglary of a grocery store), 35 (noting that

the 1987 conviction resulted from burglary of "Anderson's Used Cars" and involved the theft of

"seven blank checks from the business").)[3]  Because the variants of third-degree burglary

---

[3] Petitioner does not contest the accuracy of the information contained in his presentence report, but only the propriety of the Court's decision to use the predicate offenses listed therein as

underlying Petitioner's convictions align with the definition of generic burglary, both convictions were properly categorized as predicate offenses for purposes of ACCA designation.

In addition to the third-degree burglary predicates, binding Sixth Circuit precedent dictates that Petitioner's pre-1989 armed robbery qualifies as an ACCA predicate under the use-of-physical-force clause and post-1989 Class D burglary qualifies as an ACCA predicate under the enumerated offense clause. *See, e.g.*, *United States v. Mitchell*, 743 F.3d 1054, 1058–60 (6th Cir. 2014) (holding that all forms of Tennessee robbery categorically qualify as violent felonies under the ACCA use-of-physical-force clause); *Priddy*, 808 F.3d at 685 (finding that post-1989 Tennessee Class D burglary is categorically a violent felony under the ACCA's enumerated offense clause). The *Mathis* decision did nothing to impact on the validity of these decisions.[4]

Because all four of his prior offenses qualify as ACCA predicate offenses independent of the now-defunct residual provision, Petitioner has not established that his sentence was imposed in contravention of the laws of the United States.

## IV.  CONCLUSION

For the reasons discussed, Petitioner's § 2255 motion (Doc. 41) will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action

---

grounds for ACCA enhancement. Further, Petitioner has not met his burden on collateral review by supplementing the record with evidence that he was convicted of a non-generic variant of pre-1989 third-degree burglary or identifying any other reason to doubt the accuracy of the representations contained in his PSR.

[4] In *Mathis*, the Supreme Court held that a prior conviction cannot qualify as a generic form of a predicate violent felony if a locational element of that crime is made broader than an element of the generic offense by way of an enumerated list of alternative factual means for satisfaction of the former. Unlike the Iowa statute at issue in *Mathis*, however, the statutes criminalizing pre-1989 armed robbery and post-1989 Class D burglary are not overly broad, i.e., do not criminalize conduct in excess of generic burglary.

would not be taken in good faith and would be totally frivolous. Therefore, this Court will

**DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal

Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the

denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. §

2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

        **AN APPROPRIATE ORDER WILL ENTER.**

                             **/s/ *Travis R. McDonough***
                             **TRAVIS R. MCDONOUGH**
                             **UNITED STATES DISTRICT JUDGE**